UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>CAPITAL COVE BANCORP LLC; CHRISTOPHER M. LEE aka RASHID K. KHALFANI,<br><br>Defendants | Case No. SACV15-00980-JLS (JCx)<br><br>**ORDER ESTABLISHING CLAIMS BAR DATE, APPROVING FORM AND MANNER OF NOTICE, APPROVING PROOF OF CLAIM FORM AND SUMMARY PROCEDURES, STAYING POST-RECEIVERSHIP INTEREST, AND ESTABLISHING THE NET INVESTMENT METHOD FOR FIXING INVESTOR CLAIMS (Doc. 73)** |

For the reasons stated in the Order Granting the Motion of the Receiver, concurrently issued with this Order,

**IT IS HEREBY ORDERED THAT:**

1.     The Receiver's Motion is **GRANTED**.

2.     **Establishment of Claims Bar Date**. The deadline by which all investors, creditors, and other claimants must submit completed and signed proofs of claim evidencing their claims against Capital Cove Bancorp, LLC and its subsidiaries and affiliates[1] (collectively, "Capital Cove" or the "Receivership

---

[1] The following companies are all known affiliates of Capital Cove Bancorp, LLC: Capital Cove International, Inc.; Capital Cove Asset Management, Inc.; Capital Cove Financial; Capital Cove Financial Services, Inc.; Capital Cove Asset Management; Capital Cove Real Estate; Capital Cove Real Estate Advisors; Capital Cove Realty Group; Capital Cove REO Opportunities Fund LLC; Capital Cove REO Opportunities Fund II; Capital Cove REO Opportunities Fund III; Capital Cove REO Opportunities Fund IV; REO Multi Asset Fund Holdings Inc.; Capital Cove Investment Management, Inc.; Capital Cove Advisory; Capital Cove Financial Advisory Services LLC; Rittenhouse Square Trust LLC; Rittenhouse Square Advisory LLC; Aspyration Capital Advisors Inc.; Aspyration Financial Group, Inc.; Nepenthe Capital Management Inc.; Diversified Realty and

(footnote continued…)

Entities") is hereby set as January 15, 2015 (the "Bar Date").

3.      **Notice of Claims Bar Date by Mail**. The Receiver shall serve all known potential claimants by regular mail, to the extent he has a mailing address, or by email if he has a known email address and no mailing address, within twenty (20) days after entry of this Order, with: (i) notice of the Bar Date and the procedures for submitting proofs of claim, substantially in the form of the notice attached to the Motion as **Exhibit 1** (the "Bar Date Notice") (Ex. 1, Doc. 73) and (ii) a proof of claim form substantially in the form of the documents attached to the Motion as **Exhibit 2** ("Claim Form") (Ex. 2, Doc. 73).

4.      **Notice by Publication**: The Receiver shall publish the information contained in the Bar Date Notice in the following general circulation newspaper on two days at least one week apart and at least thirty (30) days prior to the Bar Date: *the Los Angeles Times* or a newspaper of similar circulation.

5.      **Approval of Claim Form**. The Court approves the Claim Form attached to the Motion as Exhibit 2 for the submission of any and all types of claims.

6.      **Procedures for Submitting and Determining Proofs of Claim**. All investors, creditors and other claimants must complete and sign the Claim Form under penalty of perjury and return it to the Receiver before the Bar Date with supporting documentation. The claimant must provide the amount(s) that he or she contends is owed, as well as legible copies of documents supporting the claim or, if such documents are not available, an explanation as to why documentation is lacking. To the extent that claimants have already provided the Receiver copies of documentation to support their claim, then they may simply complete and sign the Claim Form and need not submit duplicate copies of documentation already submitted to the Receiver.

---

(continued)

Financial Services Inc.; Portovelo Management Group LLC; Portovelo Financial; Portovelo Development; Portovelo Wealth Management; First Asian Bancorp LLC; and First Asian Management.

7.    Each filed proof of claim must conform substantially to the Claim Form. Each proof of claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The claimant must attest under oath that the information provided therein is true and correct. Each proof of claim must be legible, written in English, and denominated in U.S. currency.

8.    The submission of a proof of claim will subject the claimant to the jurisdiction of this Court.

**Treatment Election for Secured Claims**. Claimants holding a lien, trust deed or other security interest against any property or collateral, must complete the Claim Form and make a selection as to whether they want their claim treated as either: (i) a secured claim, and will agree to accept the collateral (or the proceeds from the sale of the collateral, if any) securing the claim in full satisfaction of the claim amount; or (ii) an unsecured claim, and will agree to waive and release the lien, trust deed, security interest and collateral and to recover instead from any distributions from Capital Cove attributable to the claim amount. If a claimant with a secured claim elects treatment as a secured claim, then the claimant will be deemed to have waived any distributions from the Receivership estate and instead receive a recovery from the collateral (or the proceeds from the sale of the collateral, if any). If the claimant elects to have the secured claim treated as an unsecured claim, then the claimant will be deemed to have waived and released all rights to the collateral and will share in the distributions from the Receivership estate.

9.    **Effect of Failure to Submit Claim Form Before Bar Date**. If any investor, creditor or other claimant fails to return the Claim Form to the Receiver by the Bar Date, the effect of such failure will be that the claimant waives any claim against Capital Cove and its receivership estate. Any claims received after the Bar Date shall be forever disallowed without further order of this Court.

10.    **Stay of Post-Receivership Interest Accrual**. The Court hereby stays

the accrual of all post-receivership interest as to all investor and unsecured and under-secured creditor claims and on all default rate interest as to any and all fully secured or over-secured creditor claims (effective as of June 18, 2015, the date of the temporary receivership) to preserve the Capital Cove assets and maximize recovery for claimants. This Order is without prejudice to the Receiver's rights to challenge any secured creditor's claim asserting its, his or her claim is over-secured and entitled to any post-receivership interest.

11.   **Use of the Net Investment Method To Fix Allowed Amount of Investor Claims**. The Court authorizes the Receiver to use the "net investment" method of calculation to determine the allowed amount of investors' claims, allowing the Receiver to offset payments Capital Cove made to the investors against the amount that they invested.

12.   **Claims Objections**. The Receiver may file appropriate objections to those claims the Receiver believes are objectionable in the exercise of his business judgment, setting forth the factual and legal basis for the objection. The Receiver shall identify the portion of the claim he believes is unobjectionable and should be allowed. The burden of proof will then shift to the claimant to overcome the objection.

DATED: October 13, 2015

_____
Josephine L. Staton
United States District Judge