# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL COVE BANCORP LLC; CHRISTOPHER M. LEE aka RASHID K. KHALFANI,<br><br>Defendants. | Case No. 8:15-cv-00980-JLS-JCx<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH CENTER STREET DEFENDANTS (Doc. 372)** |

Before the Court is Receiver Robert Mosier's unopposed Motion for Approval of Settlement Agreement with Center Street Defendants. (Mot., Doc. 372.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for September 2, 2016, at 2:30 p.m. is VACATED. For the reasons stated below, the Court GRANTS the Receiver's Motion.

The Receiver seeks approval of a settlement agreement with the "Center Street Defendants": Center Street Lending LLC, CSL Lenders LLC, Center Street Lending Corporation, Center Street Lending Fund /WF I, LLC, Center Street Lending RE I SPE,

LLC, Center Street Lending MP III SPE, LLC, Center Street Funding IV, LLC, Center Street Lending Fund IV SPE, LLC, Center Street Funding V, LLC, and Center Street Lending Fund VII SPE, LLC.  (Mem. at 4, Doc. 372.)  The settlement agreement is in regard to the case entitled *Mosier v. Center Street Lending Corp., et al.*, Case No. 8:15-cv-01852-JLS-JCx, over disputed claims regarding several properties and liens attached to those properties held by the Center Street Defendants.  (*Id.* at 1, 5–6.)  The Receiver currently holds a total sum of $5,338,546 on account of those liens in segregated accounts which represent the net proceeds from the sale of the properties.  (*Id.* at 6.)  The agreement provides that (1) the Receiver will retain $2.1 million of the segregated funds; (2) the Receiver will pay the remainder, $3,238,546, to Center Street Lending Fund IV LLC; (3) the Center Street Defendants' claims will be deemed disallowed; (4) with the exception of two liens, the liens held by the Center Street Defendants will be assigned to the Receiver; (5) the Center Street Defendants will retain their liens against 1849 Country Club Road and 1459 E. 121st Street, which will not be deemed to be part of the receivership estate; and (6) the parties will exchange mutual releases relating to their case.  (*Id.* at 9–10.)

There are "no federal rules [that] prescribe a particular standard for approving settlements in the context of an equity receivership; instead a district court has wide discretion to determine what relief is appropriate."  *Gordon v. Dadante*, 336 Fed. Appx. 540, 549 (6th Cir. 2009); *see also SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) ("A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." (quotation marks and citation omitted)).  Because Local Rule 66-8 directs a receiver to "administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy[,]" the Court turns to bankruptcy caselaw for guidance.  *See* C.D. Cal. R. 66-8.  The Ninth Circuit has held that "[b]efore approving a settlement agreement, the bankruptcy court is charged with considering the 'fairness, reasonableness, and adequacy' of the agreement."  *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (citation omitted).  When making this determination, bankruptcy

courts consider the following factors: (a) the probability of success in the litigation, (b) the difficulties to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it, and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id*. (citation omitted). Compromises are generally favored in bankruptcy actions, and the Court "generally gives deference to a trustee's business judgment[.]" *See SEC v. Ruderman*, No. CV 09-02974 ODW (JCx), 2011 WL 5857452, at *3 (C.D. Cal. Nov. 21, 2011) (citing *In re Stein*, 236 B.R. 34, 37 (D. Or. 1999); *In re Pac. Gas and Elec. Co*., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004)).

The Court finds that approving this settlement agreement is in the best interest of the receivership estate. The Receiver's ability to avoid the released liens is subject to uncertainty, litigation regarding these interests would unnecessarily drain the estate's assets, and the release of these liens will lessen the debt that encumbers the properties at issue. The receivership estate will recover $2.1 million under the terms of the agreement and the Center Street Defendants will release claims in the amount of $5,113,793.88. Thus, the agreement provides a recovery that is proportionate to the successful prosecution of this action when discounts are factored in for the risk, time, and expense of fully litigating the case, and maximizes the funds available for distribution to creditors. Moreover, the agreements fairly take into account both the money invested and the payments already returned on investments with Capital Cove. The Court therefore finds the settlement agreement is fair, reasonable, and in the best interest of the receivership estate.

**IT IS HEREBY ORDERED THAT:**

1. The Receiver's Motion is GRANTED.

2. The Settlement Agreement between the Receiver and the Center Street Defendants in Case No. 8:15-cv-01852-JLS-JCx, Center Street Lending LLC, CSL Lenders LLC, Center Street Lending Corporation, Center Street Lending Fund /WF I, LLC, Center Street Lending RE I SPE, LLC, Center Street Lending MP III SPE, LLC,

Center Street Funding IV, LLC, Center Street Lending Fund IV SPE, LLC, Center Street Funding V, LLC, and Center Street Lending Fund VII SPE, LLC, a copy of which is attached to the Motion as Exhibit "1," is hereby approved.

DATED: August 31, 2016

                                               Honorable Josephine L. Staton
                                               United States District Judge