JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL COVE BANCORP LLC; CHRISTOPHER M. LEE aka RASHID K. KHALFANI,<br><br>Defendants. | Case No. 8:15-cv-00980-JLS-JC<br><br>**FINAL JUDGMENT AGAINST DEFENDANTS CAPITAL COVE BANCORP LLC AND CHRISTOPHER M. LEE AKA RASHID K. KHALFANI** |

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and: (1) a default having been entered against Defendant Capital Cove Bancorp LLC ("CCB"), the court-appointed permanent receiver Robert P. Mosier ("Receiver"), acting on behalf of CCB, having consented to the Court's jurisdiction over CCB and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this final Judgment ("Final Judgment"); and (2) the Court having considered all of the evidence and arguments presented by the parties with regard to the SEC's Motion for Summary Judgment Against Defendant Christopher M. Lee aka Rashid K. Khalfani ("Khalfani") as well as all of the evidence and arguments presented by the parties with regard to the SEC's Motion for Relief Against Khalfani, and the Court having granted both of the SEC's motions; the Court finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CCB and Khalfani are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) CCB's and/or Khalfani's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CCB and/or Khalfani or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CCB and Khalfani are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) CCB's and/or Khalfani's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CCB and/or Khalfani or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CCB and Khalfani are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) CCB's and/or Khalfani's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CCB and/or Khalfani or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CCB and Khalfani are permanently restrained and enjoined from violating Section 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-7], by, in any registration application or report filed with the Securities and Exchange

3

Commission under 15 U.S.C. § 80b-3 or 15 U.S.C. § 80b-4:

    (a)    making any untrue statement of a material fact or omitting to state in any such application or report any material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) CCB's and/or Khalfani's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CCB and/or Khalfani or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CCB is permanently restrained and enjoined from violating, and that Khalfani is permanently restrained and enjoined from aiding and abetting violations of, Section 203A of the Advisers Act [15 U.S.C. §80b-3a], which provides, among other things, that no investment adviser that is regulated or required to be regulated as an investment adviser in the State in which it maintains its principal office and place of business shall register under Section 203 [Section 80b-3], unless the investment adviser (A) has assets under management of not less than $25,000,000, or such higher amount as the Commission may, by rule, deem appropriate in accordance with the purposes of this subchapter; or (B) is an adviser to an investment company registered under subchapter I of 15 U.S.C. § 80b.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) CCB's and/or Khalfani's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CCB and/or Khalfani or with anyone described in (a).

4

**VI.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CCB and Khalfani are permanently restrained and enjoined from soliciting, accepting, or depositing any monies from actual or prospective investors in connection with any offering of securities; provided, however, that such injunction shall not prevent CCB and/or Khalfani from purchasing or selling securities listed on a national securities exchange for its own accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) CCB's and/or Khalfani's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CCB and/or Khalfani or with anyone described in (a).

**VII**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CCB and Khalfani are, jointly and severally, liable for disgorgement of $1,829,868, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $181,565.92, for a total of $2,011,433.92.

CCB's obligation shall be deemed satisfied by the Receiver's final distribution to investors of funds collected during the course of the receivership.

Khalfani shall satisfy this obligation by paying $2,011,433.92 to the Securities and Exchange Commission within thirty (30) days after entry of this Final Judgment. Khalfani may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Khalfani may also pay by certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

        Enterprise Services Center Accounts Receivable Branch

        6500 South MacArthur Boulevard

        Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Khalfani shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Khalfani relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the defendant.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

In addition to his obligation to pay disgorgement and prejudgment interest, Khalfani shall pay a civil penalty in the amount of $1,829,868.00. Khalfani's civil penalty is ordered pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(2)(A) of the Advisers Act.

Khalfani may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Khalfani may also pay by certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Khalfani as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Khalfani shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Khalfani relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the defendant. Pursuant to 15 U.S.C. § 7246, the SEC shall hold the funds and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## IX.

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by any of the Defendant under this Final Judgment is a debt for the violation by Khalfani of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC has determined to forgo seeking a civil penalty against CCB, and the claim for a civil penalty against CCB is hereby DISMISSED.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated: March 22, 2018

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE